UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN SMITH,<br><br>        Petitioner,<br><br>  v.<br><br>KATHLEEN ALLISON,<br><br>        Respondent. | 1:10-cv—01111-OWW-SMS-HC<br><br>ORDER GRANTING RESPONDENT'S REQUEST TO SUBSTITUTE KATHLEEN ALLISON AS RESPONDENT AND DIRECTING THE CLERK TO CHANGE THE NAME OF RESPONDENT TO KATHLEEN ALLISON (DOC. 13)<br><br>FINDINGS AND RECOMMENDATIONS RE: RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 13)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND, DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE (DOCS. 1, 13) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition filed on March 18, 2011, and served on Petitioner on the same date. No opposition to the motion has been filed.

1

I.  <u>Order to Substitute Kathleen Allison as Respondent</u>

Title 28 U.S.C. § 2242 provides that a petition for writ of habeas corpus shall allege the name of the person who has custody over the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases in the District Courts (Habeas Rules) provides that if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

The respondent must have the power or authority to provide the relief to which a petitioner is entitled. <u>Smith v. Idaho</u>, 392 F.3d 350, 355 n. 3 (9th Cir. 2004). A failure to name the proper respondent destroys personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, personal jurisdiction, including the requirement of naming the technically correct custodian under § 2242 and the Habeas Rules, may be forfeited waived on behalf of the immediate custodian by the relevant government entity, such as the state in a § 2254 proceeding. <u>Smith v. Idaho</u>, 392 F.3d 350, 355-56, 356 n. 4 (9th Cir. 2004) (where the state conceded it had waived lack of jurisdiction over a petitioner's immediate custodian and submitted itself in his stead to the jurisdiction of the federal courts). A court has the discretion to avoid delay and waste of the resources of the court and the parties by recognizing a waiver instead of requiring formal amendment of the petition by the Petitioner. <u>Id.</u> at 356 n. 6.

Here, Petitioner, who is incarcerated at the California Substance Abuse Treatment Facility and State Prison (CSATFSP) at Corcoran, California, initially named Ken Clark, Warden, as

2

Respondent. (Pet. 1.)  However, in the motion to dismiss, Respondent states that the proper respondent is Kathleen Allison, the current acting warden at CSATFSP, where Petitioner is housed. (Mot. 1 n.1.)  Further, it is stated that the motion to dismiss is filed on behalf of the Respondent.  Respondent requests that the Court substitute Kathleen Allison as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  (Mot. 1 n.1.)

Rule 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

The Court concludes that Kathleen Allison, Acting Warden at CSATFSP, is an appropriate respondent in this action, and that pursuant to Fed. R. Civ. P. 25(d), she should be substituted in place of Ken Clark.

Accordingly, the Clerk is ORDERED to substitute Kathleen Allison as Respondent.

II.  Proceeding by Way of a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28

3

U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. <u>See</u>, e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss. The material facts pertinent to the motion are to be found in the pleadings and in copies of the official records of state parole and judicial proceedings which have been provided by the parties, and as to which there is no factual dispute.

4

1  Because Respondent's motion to dismiss is similar in procedural
2  standing to motions to dismiss on procedural grounds, the Court
3  will review Respondent's motion to dismiss pursuant to its
4  authority under Rule 4.

     III.   <u>Background</u>

Petitioner alleges that he was an inmate of CSATFSP serving a sentence of life plus eight (8) years imposed by the San Diego County Superior Court in 1990 upon Petitioner's conviction of kidnaping for the purpose of robbery with great bodily injury, vehicle theft, first degree robbery, and use of a deadly weapon in violation of Cal. Pen. Code §§ 209(b), 212.5(a), and 12022(d). (Pet. 2.) Petitioner challenges the decision of California's Board of Parole Hearings (BPH) finding Petitioner unsuitable for parole after a hearing held on August 7, 2008. (Pet. 67.) Petitioner alleges that his due process rights were violated because the BPH denied parole without any evidence to support the determination that Petitioner posed a current, unreasonable risk of danger. (Pet. 5.) Petitioner argues that his state-created liberty interest in parole was infringed by the BPH's improper reliance on Petitioner's commitment offense and history of criminality and instability associated with drugs. Petitioner argues that the evidence before the BPH warranted a grant of parole. (Pet. 5-8.)

Petitioner attached to the petition a copy of the transcript of the parole hearing held before the BPH on August 7, 2008. (Pet. 15-66.) The transcript reflects that Petitioner received documents before the parole hearing and was given an opportunity to correct or clarify the record (pet. 21); appeared at the

hearing (pet. 15, 62); addressed the BPH under oath concerning multiple factors of parole suitability (pet. 22-56); made a personal statement to the BPH concerning his suitability for parole (pet. 61); and was represented by counsel, who advocated and made a closing statement in favor of parole on Petitioner's behalf (pet. 15, 18, 21, 57-60 ).

Further, Petitioner was present when the BPH stated the reasons for their decision to deny Petitioner parole for one year, which included Petitioner's commitment offense, his history of criminality and drug use, his commission of a disciplinary offense in prison, and the opposition of the prosecutor to Petitioner's release.  (Pet. 62-66.)

IV.  Failure to State a Cognizable Claim

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1]

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations,

6

1  Swarthout v. Cooke, 131 S.Ct. 859, 862.  In Swarthout, the Court
2  rejected inmates' claims that they were denied a liberty interest
3  because there was an absence of "some evidence" to support the
4  decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution
> to be conditionally released before the expiration of
> a valid sentence, and the States are under no duty
> to offer parole to their prisoners.  (Citation omitted.)
> When, however, a State creates a liberty interest,
> the Due Process Clause requires fair procedures for its
> vindication–and federal courts will review the
> application of those constitutionally required procedures.
> In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found
> that a prisoner subject to a parole statute similar
> to California's received adequate process when he
> was allowed an opportunity to be heard and was provided
> a statement of the reasons why parole was denied.
> (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862.  The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause.  Id. at 862-63.

---

as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary.  Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole.  Id. at 15.

7

1    Here, Petitioner asks this Court to engage in the very type
2 of analysis foreclosed by Swarthout.  Petitioner does not state
3 facts that point to a real possibility of constitutional error or
4 that otherwise would entitle Petitioner to habeas relief because
5 California's "some evidence" requirement is not a substantive
6 federal requirement.  Review of the record for "some evidence" to
7 support the denial of parole is not within the scope of this
8 Court's habeas review under 28 U.S.C. § 2254.

9    A petition for habeas corpus should not be dismissed without
10 leave to amend unless it appears that no tenable claim for relief
11 can be pleaded were such leave granted.  Jarvis v. Nelson, 440
12 F.2d 13, 14 (9th Cir. 1971).

13    Here, Petitioner did not claim that he lacked an opportunity
14 to be heard or a statement of reasons for the BPH's decision.
15 However, it is clear from the allegations in the petition that
16 Petitioner attended the parole suitability hearing, made
17 statements to the BPH, and received a statement of reasons for
18 the decision of the BPH.  Thus, Petitioner's own allegations and
19 attached documentation establish that he had an opportunity to be
20 heard and a statement of reasons for the decision in question.
21 It therefore does not appear that Petitioner could state a
22 tenable due process claim.

23    Accordingly, it will be recommended that the Respondent's
24 motion to dismiss be granted, and the petition be dismissed
25 without leave to amend.

26    V.   Certificate of Appealability

27    Unless a circuit justice or judge issues a certificate of
28 appealability, an appeal may not be taken to the Court of Appeals

from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

9

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition be DISMISSED without leave to amend for failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

3) The Court DECLINE to issue a certificate of appealability; and

4) The Clerk be DIRECTED to close the action because dismissal of the action would terminate the action in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if

1 served by mail) after service of the objections.  The Court will
2 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
3 636 (b)(1)(C).  The parties are advised that failure to file
4 objections within the specified time may waive the right to
5 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
6 1153 (9th Cir. 1991).

8 IT IS SO ORDERED.
9 **Dated:   May 26, 2011**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE